Commonwealth *v.* Hamzik, Appellant.

Submitted January 2, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Rodney D. Henry,* Assistant Defender, and *Daniel J. Lawler,* Defender, for appellant.

*Howard T. Gathright,* Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 16, 1968:
This is an appeal from the Order of the Court below refusing appellant's petition under the Post Con-

viction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1, requesting an evidentiary hearing to determine whether or not appellant intelligently withdrew a prior post-conviction petition requesting a new trial and an arrest of judgment, which was entered after a hearing held to determine the degree of murder of which petitioner was guilty.

On May 31, 1966, Joseph Hamzik, the petitioner (appellant herein) entered a plea of guilty to the charge of murder. A hearing, at which petitioner was represented by privately retained counsel, was held May 31 through June 2, 1966, to determine the degree of murder. On August 9, 1966, after considering all the evidence, the Court found defendant-petitioner guilty of murder in the second degree and sentenced him to not less than nine nor more than twenty years. No appropriate motion was filed, and of course no appeal was taken.

On September 29, 1966, petitioner while represented by counsel filed post-trial motions requesting a new trial and an arrest of judgment, and the vacating of the judgment of sentence nunc pro tunc.

Approximately two months later, on November 22, 1966, petitioner while still represented by private counsel, appeared in Court on the hearing of these motions and stated that he wished to withdraw them because he felt that should he be successful and should the Court find him guilty of second degree murder on a' new trial it could then impose a sentence of not less than ten years, which would increase his term of minimum sentence one year.

Appellant presently contends that he withdrew his prior petition because he was unnerved and feared receiving a harsher sentence on retrial. This is not a sufficient ground or reason for granting his present petition.

492

The Notes of Testimony taken on November 22, 1966, at which time this appellant requested the withdrawal of his petition, pertinently state: "JUDGE BIESTER: Mr. Hamzik, except as to those matters that Mr. Valimont stated, which are matters of legal determination, that is, what the posture of the case would be in respect to our allowing withdrawal, or rather, striking off the sentence, and whether that would affect whether this would be first or second degree, that is not a matter that you are in a position to decide, you have heard what your counsel has stated and, therefore, I take it that for the purpose of what we are doing now, you accept his statement as to what the law is, is that correct? THE DEFENDANT: Yes, sir. JUDGE BIESTER: The Court makes no definitive ruling with respect to that, and we do not think we should be required to at this time. But you do understand that he has also told you that in the event that you are successful and that we do strike this judgment and afterwards determine that a finding of a second-degree murder was appropriate, that since the sentence was no longer of record, we would be compelled to impose a sentence again, be it the same or another sentence, you understand this? THE DEFENDANT: Yes, sir, I understand. JUDGE BIESTER: And it is the latter part that induces you to reach the conclusion that you do not wish to pursue this motion, is that correct? THE DEFENDANT: That is correct. JUDGE BIESTER: Because of the uncertainty as to what that sentence might be in the event that a sentence was again imposed on second-degree murder? THE DEFENDANT: That is correct, sir. JUDGE BIESTER: Is that correct? THE DEFENDANT: That's correct, sir. JUDGE BIESTER: Is there any part of what Mr. Valimont stated which you do not understand? THE DEFENDANT: No, sir. JUDGE BIESTER: As he made the statement? THE DEFENDANT: As he made

it. JUDGE BIESTER: Is it accurate insofar as you are able to judge it is accurate? THE DEFENDANT: Yes, sir."

"JUDGE BIESTER: Are there any questions you want to ask, Mr. Valimont? MR. VALIMONT: I would like to ask Mr. Hamzik, Joe, the sole thing that is bothering you with regard to this is the matter that the Court, in resentencing, would have before it, the possibility of moving the sentence up from nine to ten on the minimum, is that correct? THE DEFENDANT: Yes, sir. MR. VALIMONT: That's the sole reason for—that's the determining reason for you wishing to withdraw these motions, is that correct? THE DEFENDANT: Yes, sir. MR. VALIMONT: You do not want to take that risk? THE DEFENDANT: No, sir. JUDGE BIESTER: And no one has said to you, either Mr. Valimont or this Court or the District Attorney or anyone else, what the sentence would be in the event another sentence is imposed? THE DEFENDANT: No, sir. MR. VALIMONT: Also, I have advised you, Joe, have I not, that in my opinion, we would be successful in our argument here today? THE DEFENDANT: Yes, sir. MR. VALIMONT: That's all I have, Your Honor. JUDGE BIESTER: Is there anything else you wanted to say, Mr. Hamzik? THE DEFENDANT: No, sir. JUDGE BIESTER: This is your opportunity, if there is something. THE DEFENDANT: I just want to get my time over with and get home to my boy, that's all."

We find no merit in defendant's contentions.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.