520 A.2d 870

**COMMONWEALTH of Pennsylvania**

**v.**

**John McANDREWS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1986.

Filed Jan. 28, 1987.

John J. Duffy, Philadelphia, for appellant.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, WICKERSHAM, WIEAND, McEWEN, DEL SOLE, TAMILIA, KELLY and JOHNSON, JJ.

TAMILIA, Judge:

This appeal is from the dismissal of the defendant's petition for relief under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541, *et seq.* The sole issue presented is whether the petition for relief under the Post Conviction Hearing Act may be denied summarily because of delay in presenting that petition.

On November 1, 1977, the defendant was arrested and charged with the murder of his twenty-three year old girlfriend. While admitting to shooting the girl, he claimed the shooting was accidental and that he thought the gun was unloaded. It was established at trial that the victim had been strangled and slapped in the mouth just before her death which resulted from a contact gunshot wound to her head. It was further established that the victim was afraid of the defendant because of past physical abuse and that she planned to terminate their relationship. The defendant had displayed the gun to friends and loaded it in their presence on the afternoon of the killing.

The trial, before the Honorable Juanita Kidd Stout, was by jury and the defendant was convicted on April 11, 1978 of first degree murder and possession of an instrument of crime. He received a sentence of life imprisonment with a

concurrent two and one-half (2½) to five (5) years term on the weapons charge.

This judgment of sentence was appealed to the Supreme Court of Pennsylvania which affirmed the judgment in *Commonwealth v. McAndrews*, 494 Pa. 157, 430 A.2d 1165 (1981).

On December 14, 1983, nearly two and one-half years after the Supreme Court decision, the defendant filed his petition alleging ineffectiveness of trial counsel. The only reason he gave for the two and one-half year delay was his attempt to raise funds to retain private counsel. The court below dismissed his petition without hearing or reviewing the record, determining that the delay was unreasonable and the petition, therefore, was frivolous. A subsequent motion for reconsideration was also denied by the trial court.

Initially, we would hold that delay in and of itself is not a basis for denying a P.C.H.A. petition. It is a relevant factor, among others, to be considered by the P.C.H.A. Court in determining whether or not the petition is frivolous. Only upon a review of the record and upon a determination that the petition was frivolous on its face, that it appeared that the issues raised have been decided on appeal, or are nonissues, should there be a dismissal without a hearing. The long delay is a relevant consideration in this review, and where there is no justification for the delay, the court may take a more stringent approach to the allegations raised in the petition, especially when the delay has resulted in problems of proof for the Commonwealth. Particularly, when the opportunity to have raised the issues earlier would have provided a more meaningful review with a greater capacity to reconstruct the record through testimony and other evidence, delay will play a much heavier role than otherwise. Such was the case in *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982), *Commonwealth v. McCloud*, 312 Pa.Super. 209, 458 A.2d 219 (1983), and *Commonwealth v. Kale*, 312 Pa.Super. 69, 458 A.2d 239 (1983), all of which involved withdrawals of a guilty

plea. In *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981), the Supreme Court details the parameters and the guidelines that apply in the dismissal when an unusual delay occurred in the presentation of the P.C.H.A. petition. In that case, the delay was a period of twenty-seven (27) years and the Supreme Court held, "Thus, a lengthy, unexplained delay in raising an issue will buttress the presumption of knowing and understanding waiver; conversely the immediate attempt to gain review of alleged error at the earliest possible time would have the opposite effect." *Id.*, 495 Pa. at 36, 432 A.2d at 187.

The crux of the issue under consideration turns upon that section of 42 Pa.C.S.A. § 9544(b) which holds:

(b) Issues waived

For the purpose of this subchapter, an issue is waived if

(1) the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at trial, on appeal, in a habeas corpus proceeding or any other proceeding naturally conducted or in a prior proceeding actually initiated under this subchapter

(2) the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) Presumption

There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

From these subsections is gleaned the guiding principle that when an issue is not asserted in a timely fashion, it is presumed that the party failed to raise the issue because he knowingly and understandingly did not believe it to have merit or, when given the opportunity to present the issue, he knowingly and understandingly waived the presentation. Thus from *Alexander* we are instructed that the more proximate the petition is filed to the time when the issue should have been raised, the greater vitality it will have in terms of review. The longer the delay between the time it

could have been presented and the time it was brought to the attention of the court, the less vitality that issue will have and the greater the burden placed on the P.C.H.A. petitioner to overcome the presumption of waiver.

■ In this case, the appellant had appealed the judgment of sentence and it was affirmed by the Supreme Court. *McAndrews, supra.* It was two and one-half years following the Supreme Court decision that the defendant filed his petition (his first) alleging ineffectiveness of trial counsel. Pursuant to the numerous findings of decisions in this Court and the Supreme Court, matters not raised on appeal are considered to be waived when the case is finally litigated. In the usual sense of the word, an affirmance of the lower court by the Supreme Court is a final litigation of the case. 42 Pa.C.S.A. § 9544(a)(3). As we have already noted, even when the issues were not raised in such an appeal, they are considered to be waived if the petitioner knowingly and understandingly failed to raise them at the appropriate time.

Since the listing of the matters upon which relief may be based, detailed in 42 Pa.C.S.A. § 9543, Eligibility for relief, consists of generally clear issues of due process of law easily ascertainable during the course of pre-trial and post-trial proceedings and there is a presumption that counsel is diligent and effective in representing his client, the burden must be upon the petitioner to show that some element of due process has been violated in the proceedings. Likewise, since trial strategy will permit a knowing and understanding waiver of certain rights and procedures, it is also incumbent upon the petitioner to show that he did not waive a right and to show that despite a nonwaiver, he was prejudiced by the action or nonaction of counsel. *Commonwealth v. McBee,* 513 Pa. ___, 520 A.2d 10 (1986); *Commonwealth v. Griffin,* 511 Pa. 553, 515 A.2d 865 (1986); *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Upon the consideration of these factors and a determination, upon hearing, that those due

process rights were not violated or were waived, or that the issues have been timely raised and litigated on appeal, there generally would be no further relief available to the petitioner. Taking into consideration, however, that on occasion counsel had not properly informed the petitioner of his procedural and substantive due process rights, and issues that should have been raised were not properly raised at the appropriate time, and that this prejudice was not discovered in time for appeal, the P.C.H.A. and the courts have treated this as an extraordinary circumstance and have permitted the petitioner to prevail when he can effectively establish ineffective assistance of counsel in failing to preserve those rights.

This presents the nexus of this case in that where ineffective assistance of counsel has been alleged, despite delay in presenting the P.C.H.A. petition, the delay will result in a presumption that the rights have been waived, but it is not possible to determine what weight should be given to the delay factor unless there is at least a review of the record by the trial court and counsel to ascertain whether the ineffectiveness allegations are warranted or not, and whether the weight to be given them is sufficient to overcome the presumption of waiver for failure to file the petition in an expeditious manner.

A review of the cases, which are numerous, in respect to such delay establishes clearly that delay was considered to be a relevant factor in denying the petition but in no case was the petition denied without a review of the record by the trial court to determine the bearing of the delay in relation to the state of the record and the capacity of that record to refute the allegations of the petition. Unquestionably, the reasons given for the delay are an important consideration in this review. In *Commonwealth v. Johnson*, 339 Pa.Super. 296, 488 A.2d 1132 (1985), the six-year delay between a robbery conviction and petition for post-conviction relief did not result in waiver in the view of allegations of ineffective assistance. In *Commonwealth v. Thompson*, 343 Pa.Super. 468, 495 A.2d 560 (1985), no

explanation was given for the delay and on appeal, this Court, while not condoning delay and pointing out there was a delay of five and one-half years, went forward and decided that the petition had no merit on the record. In *Commonwealth v. Courts*, 315 Pa.Super. 124, 461 A.2d 828 (1983), this Court held that a lapse of time is a factor in assessing the merits of the petition. The court found in a similar fashion in *Commonwealth v. Hudson*, 336 Pa.Super. 174, 485 A.2d 487 (1984), *Commonwealth v. White*, 333 Pa.Super. 1, 481 A.2d 1190 (1984) and *Commonwealth v. Morrow*, 326 Pa.Super. 443, 474 A.2d 322 (1984). In *Commonwealth v. Broadwater*, 330 Pa.Super. 234, 479 A.2d 526 (1984), this Court considered a seven and one-half year delay in presenting a P.C.H.A. petition alleging ineffectiveness of counsel and recognized that the Supreme Court had held in *Commonwealth v. Shaffer, supra,* that an unexplained delay in presenting the P.C.H.A. petition could be a basis for barring consideration of the claim on the merits. Judge Rowley, however, based on the fact the *Shaffer* Opinion did not command a majority of the Court, went forward and determined the issues of *Broadwater* on the merits. Thus from the decisions of the Supreme Court and of this Court, it is clear that delay alone, even if unexplained, cannot be a basis for barring a review of the record to determine whether or not allegations of ineffectiveness have been established to a sufficient degree to overcome the presumption of waiver. We do not hold that the doctrine of waiver could not be applied on a presumptive basis as a bar to such a claim because of unwarranted and unexplained delay, but we believe that in light of *Alexander, supra,* such a pronouncement must be made by the Supreme Court.

We, therefore, vacate the Order of the court below and remand the case to that court for the purpose of reviewing the merits of the P.C.H.A. petition, giving due weight to the length of delay in filing that petition. Following such a review, the lower court, if it finds the allegations to be meritless, may dismiss the petition, or if it believes necessary, may hold an evidentiary hearing, following which it

may dismiss the petition or grant a new trial. Appellant, of course, retains the right to appeal from an adverse ruling.

Order vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction Relinquished.