569 A.2d 360

**COMMONWEALTH of Pennsylvania**

v.

**Thomas William SHAFFER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1989.

Decided Jan. 29, 1990.

Petition for Allowance of Appeal
Denied June 12, 1990.

John P. Liekar, Public Defender, Canonsburg, for appellant.

Mary B. Seiverling, Deputy Attorney General, Harrisburg, for Com., appellee.

Before ROWLEY, KELLY and CERCONE, JJ.

ROWLEY, Judge:

This is an appeal by Thomas Shaffer from an order of the Washington County Court of Common Pleas denying him relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We affirm.

In Washington County, Appellant was charged with one count of criminal conspiracy; one count of possession with intent to deliver a controlled substance (hashish); and one count of possession of a controlled substance. He also faced other federal criminal charges as well as criminal charges in Fayette County.

Following an extensive plea colloquy on June 4, 1984, at which Appellant was represented by private counsel and during which Appellant was advised of his rights and the potential ramifications of a negotiated plea agreement, he pleaded guilty to the Washington County charges. He was sentenced to a term of three and one-half to ten years imprisonment which was to run concurrently with any sentence imposed by the federal court and the trial court in Fayette County. He was also fined $5000.00 and was ordered to pay $5067.62 investigation costs. Although advised of his right to petition to withdraw his guilty plea, Appellant did not seek to withdraw his plea, nor did he file a post-sentencing motion. No direct appeal was filed.

On June 5, 1985, represented by new counsel, John Liekar, Esq., Appellant filed a petition pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551

(Purdon 1982) (repealed 1988). He based his claim for collateral relief on allegations of ineffectiveness of his plea counsel and inducement of his guilty plea by the Attorney General's office. Specifically, he claimed that the plea was unlawfully induced by promises of a "lesser state sentence than his federal sentence." He claimed his plea counsel was ineffective for failing to request a presentence report, for not challenging the court's jurisdiction, and for waiving both bond reduction and preliminary hearings.

The 1985 PCHA petition was never disposed of by the trial court because Appellant, acting on his own despite the appointment of Attorney Liekar to represent him, withdrew the petition. In June 1986, Appellant, through Attorney Liekar, filed a "Motion for Inspection of Document" in which he asserted that he wanted to "reinstate" his 1985 PCHA petition, and that in order to prepare for the hearing thereon he needed a copy of a deposition given by him to a state trooper in 1984. Appellant claimed that the Commonwealth had refused to furnish him with a copy of the deposition. The Motion was granted. However, no amended PCHA petition was filed.

In August 1988, two years after his Motion for Inspection of Document was granted, Appellant, acting pro-se, filed a second post conviction petition (PCRA petition). In the PCRA petition, appellant asserted that the fines, fees, and costs imposed were excessive and burdensome and that the investigative fee was duplicative and improperly calculated. A hearing on this petition was held on September 22, 1988.[1] Appellant was not represented by counsel at that time.

On October 11, 1988, Appellant filed (1) a pro-se motion to amend the August 1988 PCRA petition, (2) a pro-se amended PCRA petition, and (3) a pro-se motion for appointment

---

1. Although the trial court's opinion recites that a hearing was held on this date, nothing in the original record certified to this Court evidences that the hearing was held. Because no transcript from this hearing has been filed and included in the original record, we cannot take cognizance of anything which may have transpired at that hearing. See, e.g., *Goodman v. Goodman,* 383 Pa.Super. 374, 556 A.2d 1379 (1989).

of counsel. The trial court granted the petition to file the amended pro-se PCRA petition and also granted the motion for appointment of counsel by ordering John Liekar, Appellant's previous post-conviction counsel, to represent Appellant in the instant PCRA proceedings.

In his October 1988 pro-se amended PCRA petition,[2] Appellant again alleged the ineffective assistance of his plea counsel and the unlawful inducement of his guilty plea. Appellant also alleged that his plea was unlawfully induced because of the use of perjured testimony of a government witness, use of an illegal subpoena to coerce another individual's confession, shared use of narcotics by a state trooper and a witness, perjured testimony of the state trooper at Shaffer's bail hearing, and the government's decision to "let forty-one co-conspirators go." Appellant also asserted that his plea counsel misinformed him about where he would serve his sentence and that he could get a sentence reduction via the PCHA. In addition, he alleged that his plea counsel (1) told him to "stand mute" at the plea sentencing proceeding and (2) failed to file an appeal based upon a witness's supposedly perjured testimony before the grand jury.

On January 4, 1989, a hearing on the amended PCRA petition was held. Testimony was limited to the reasons for Appellant's withdrawal of his June 5, 1985, PCHA petition. Following the hearing, Appellant's October 11, 1988, amended PCRA petition was denied on the basis that the issues raised therein, or which could have been raised therein, including plea counsel's ineffectiveness, had been waived by appellant's failure to pursue his 1985 post-conviction proceeding.

In the instant appeal from the trial court's denial of his 1988 amended PCRA petition, appellant argues that if the issues raised therein were waived, it was only because of

---

**2.** From the original record certified to this Court, it does not appear that counsel, Mr. Liekar, filed any supplemental PCRA petition after his appointment in October 1988. Thus, the only petition before the PCRA court was the one filed by appellant.

counsel's ineffectiveness, which ineffectiveness constitutes an extraordinary circumstance excusing the waiver. Appellant's brief does not specify *which* counsel's ineffectiveness constituted the extraordinary circumstances precluding waiver. However, in his brief he asserts that the ineffectiveness of "all prior counsel" have been alleged. Because Appellant was represented through his sentencing by his first counsel, and because his present counsel first represented him during the filing of the first PCHA petition in 1985, the present claim that the ineffectiveness of "all prior counsel" has now been raised necessarily includes an assertion of present counsel's ineffectiveness in the first PCHA proceedings. Not only is it inappropriate for counsel to raise his own ineffectiveness, but counsel has raised this issue for the first time in the instant appeal. *Commonwealth v. Smith*, 321 Pa.Super. 170, 467 A.2d 1307 (1983). Moreover, present counsel has given no *specific* indication of the manner in which his representation of Appellant was ineffective. See *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). Without inquiring into the claims of ineffectiveness of counsel, however, we agree with the trial court that the issues raised in the amended 1988 pro se PCRA petition have been waived because of the withdrawal of the 1985 PCHA petition.

The burden of establishing that the issues now raised were not waived was on Appellant. See *Commonwealth v. McAndrews*, 360 Pa.Super. 404, 520 A.2d 870 (1987). The PCRA provides that an issue is waived if an issue could have been raised and Appellant failed to raise it in, among other things, "a prior proceeding actually initiated under this subchapter." 42 Pa.C.S. § 9544(b). Where an Appellant has voluntarily withdrawn a previous post-conviction petition, and then files a subsequent post-conviction petition, the second petition will be dismissed unless the withdrawal of the first petition was not intelligent. *Commonwealth v. Hamzik*, 429 Pa. 490, 240 A.2d 495 (1968). Similarly, where an issue is raised in a post-conviction petition, but is not pursued at a hearing, it is deemed to be

waived unless the failure to pursue the issue was not knowing and understanding. *Commonwealth v. Payton*, 440 Pa. 184, 269 A.2d 667 (1970).

Appellant asserts that his 1985 PCHA petition was withdrawn without prejudice based on a letter written by him requesting the same. Appellant, however, never filed the letter requesting the withdrawal without prejudice, and neither the letter nor any order of court granting a withdrawal of the petition without prejudice appears in the original record or in the list of certified docket entries. In fact, the only evidence concerning the disposition of the 1985 PCHA petition is a paragraph from a document filed by Attorney Liekar in June 1986 and Appellant's testimony at the PCRA hearing in January 1989.

Paragraph 4 of the Motion for Inspection of Document, filed by Attorney Liekar in June 1986, asserts that a hearing on the 1985 PCHA petition had been scheduled for August 6, 1985, "but by letter, defendant requested a withdrawal of this Petition without prejudice, and therefore, a hearing was not held." Although Attorney Liekar had been appointed to represent appellant with regard to the 1985 PCHA petition, and in fact the 1985 PCHA petition was filed on behalf of Appellant by Attorney Liekar, there is nothing of record to suggest that Attorney Liekar had prior knowledge of Appellant's request to withdraw his petition at the time the request was made, or counseled Appellant to withdraw the petition. The 1986 Motion for Inspection of Document asserts that *"defendant"* requested the withdrawal of the petition, and there is no document of record indicating that the letter was written by, or with the advice or knowledge of, Attorney Liekar.

Moreover, Appellant's testimony at the January 1989 hearing on the amended 1988 PCRA petition indicates that the decision to withdraw the 1985 PCHA petition was his alone. In response to the question, "And you yourself requested that the Petition be withdrawn," Appellant answered, "I did." (N.T. 1.4.89, p. 16.) Appellant then went on to explain why he requested that the petition be with-

drawn. Appellant claimed that before he pled guilty to the charges in the present case, State Trooper Spiewak had promised plea counsel that Appellant's sentence would be less than and concurrent with a Federal sentence to be imposed on related charges. After he was sentenced and serving time in jail, a second state trooper, Trooper Armenize, contacted Appellant in jail in an effort to obtain information about an unrelated crime. Before giving any information to Trooper Armenize, Appellant told the trooper "there's two things that I want if I give you what you want, and one is that you uphold Trooper Spiewak's promise that I will not serve an overlapping or a longer state sentence than my Federal Sentence." (N.T. 1/4/89, p. 19.) Appellant testified that Trooper Armenize agreed to what Appellant wanted, and Appellant then advised the Trooper that he would file two PCHA petitions, one with regard to the charges in the present case, and one in Fayette County on related charges.

Appellant filed both PCHA petitions, but proceeded on the Fayette County petition first. At the hearing thereon, Appellant concluded that Trooper Armenize did not live up to his promise. However, because Appellant was advised that his statements to Trooper Armenize regarding the unrelated charges would still be used in a separate prosecution, but that the investigation of the unrelated charges was still ongoing, appellant "felt that my best position at that juncture was just to waive it temporarily or until they settled this matter and proceed with it later." (N.T. 1.4.89 p. 20.) Appellant also testified that he withdrew the 1985 PCHA petition because he was waiting for the outcome of his federal habeas corpus petition.

Significantly absent from Appellant's explanation for his decision to withdraw the 1985 PCHA petition is any mention of a discussion of the idea with his appointed counsel, Attorney Liekar, or notification to Attorney Liekar of his decision to withdraw the petition. On the contrary, it appears from Appellant's testimony that he, on his own initiative, decided to try to cut an off-the-record deal with

the State Police to have his sentence reduced after he had already been sentenced, rather than pursue collateral proceedings for redress from the alleged ineffectiveness of his plea counsel and alleged non-compliance with his plea agreement. He also decided that *only* if he could not achieve his goal through his own ability to deal with and obtain the cooperation of the State Police, would he then try to achieve his objectives by on-the-record legal proceedings to challenge his plea.

Appellant has failed to provide any evidence that either Trooper Armenize or Attorney Liekar advised Appellant to withdraw his 1985 PCHA petition. In addition, the promise of Trooper Armenize to try to have Appellant's sentence reduced was not conditioned upon Appellant's withdrawal of his PCHA petition as a *quid pro quo*. This is particularly evident since according to Appellant's own testimony, Trooper Armenize said he would talk to the U.S. Attorney whom he knew before Appellant even mentioned his PCHA petition, let alone the withdrawal of the petition. Based upon the evidence which Appellant has produced, therefore, we can only conclude that the decision to withdraw the 1985 PCHA petition was entirely that of Appellant alone, without notification to or solicitation of the advice of Attorney Liekar who had been appointed to represent him.

Since the evidence reveals that the decision to withdraw the 1985 PCHA petition was a knowing, deliberate, intentional, and calculated choice by the Appellant, and since the filing of the 1985 PCHA petition initiated a prior proceeding under the PCRA, the issues raised in the 1985 PCHA petition, or which could have been raised therein, have been waived. *Hamzik, supra; Payton, supra;* 42 Pa.C.S. § 9544(b). Moreover, because Appellant was represented by counsel at the time that he withdrew the 1985 PCHA petition, and because there is no evidence whatsoever to indicate that counsel advised him to withdraw the petition, or was even consulted prior to the withdrawal of the petition, Appellant must accept the responsibility for his own decision to withdraw the petition. Under such circum-

stances no claim of ineffective assistance of post-conviction counsel for permitting Appellant to withdraw the petition can be substantiated. Because all of the issues raised in the amended 1988 PCRA petition either were or could have been raised in the 1985 PCHA petition, and because that petition was knowingly and intelligently withdrawn, the trial court correctly denied Appellant's amended 1988 PCRA petition.

Subsequent to the submission of the instant appeal for disposition, several petitions were filed. First, Appellant, pro-se, filed a Motion for Leave to File Supplemental Brief. In response thereto, Appellant's counsel filed an Application for Withdraw (sic) of Counsel, and appellee filed an answer to the pro-se Motion for Leave to File Supplemental Brief. Upon review of these petitions, we grant the pro-se motion to file the supplemental brief. However, our review discloses that the pro-se brief adds nothing materially significant to the counselled brief, particularly in light of our conclusion that Appellant's withdrawal of his 1985 PCHA petition has resulted in the waiver of any issue raised or capable of being raised at that time. Counsel's request to withdraw is denied.

Appellant's motion to file a supplemental brief is granted; counsel's motion to withdraw is denied; the order denying post-conviction relief is affirmed.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring.

I join the majority opinion. I write separately to note the significance of our allowance of "hybrid" *appellate* representation in this appeal.

In a *collateral* appeal, even if an appellant has no issues of arguable merit and counsel is permitted to withdraw on that ground, such an appellant is nonetheless permitted to file a *pro se* brief in support of any frivolous claims appellant seeks to raise. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988). This being the case, I can see no reason to force an appellant on *direct* appeal to forego

representation by counsel on claims of arguable merit, in order to pursue, by a *pro se* brief, claims or arguments which appellant's counsel deems frivolous. Consideration of *pro se* supplemental briefs by this Court avoids that dilemma.

Hybrid representation of this kind, *on appeal,* presents none of the serious practical concerns which have caused courts to reject hybrid representation at the trial level. *See Commonwealth v. Williams,* 270 Pa.Super. 27, 34, 410 A.2d 880, 883 (1980); *cf. McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (illustrating the difficulties of hybrid representation via participation of standby counsel in a jury trial conducted *pro se* ). Allowance of written *pro se* supplemental briefs is highly unlikely to create the kind of circus atmosphere easily envisioned by having a *pro se* litigant supplement counsel's efforts during a jury trial, or *vice versa.* If, as here, the *pro se* submissions are frivolities, they will be harmless ones. If, on the other hand, an arguable claim is raised in such a submission, the need to appoint new counsel to present the claim would be revealed. *Cf. Commonwealth v. Albert,* 522 Pa. 331, 561 A.2d 736 (1989); *Commonwealth v. Ely,* 381 Pa.Super. 510, 554 A.2d 118 (1988). In either case, the fact and appearance of justice is served by permitting the *pro se* submission.