## Commonwealth v. Thomas

C.P. of Delaware County, no. 6925-81.

*Vram Nedurian Jr., assistant district attorney,* for the Commonwealth.

*Stephen Dean Molineux,* for the defendant.

McGOVERN, *J.,* February 16, 1995—Defendant, pursuant to this court's order of March 11, 1994, appeals nunc pro tunc from an order entered July 17, 1992 denying his second Post Conviction Relief Act petition.

Defendant, following a two-day jury trial, was found guilty of two counts each of rape, involuntary deviate sexual intercourse, recklessly endangering another person, terroristic threats, possessing instruments of crime generally, possessing instruments of crime, weapon and one count each of aggravated assault and burglary. His timely post-trial motions were denied by order dated July 28, 1992. He was sentenced October 1, 1982 and appealed to the Superior Court of Pennsylvania. The defendant raised five assertions of trial court error, namely: (1) consolidation for trial of charges arising out of two incidents which occurred three weeks apart; (2) the failure to grant two defense challenges for cause during voir dire; (3) the denial of a motion for a mistrial because of remarks made by the assistant district attorney during his opening statement; (4) allowing the Commonwealth to amend informations immediately before trial; and (5) denying defendant's motion for a mistrial after the Commonwealth introduced evidence of crimes committed after the original rape. The Superior Court affirmed defendant's judgment of sentence May 11, 1984 and a petition for allowance of appeal to the Supreme Court of Pennsylvania was denied.

Approximately five and one-half years after imposition of judgment of sentence and four years after that judgment was affirmed by the Superior Court, defendant, on May 20, 1988, filed his *first* Post Conviction

Hearing Act petition. In this petition, defendant asserted the ineffectiveness of his trial counsel for allegedly denying him the right to testify at trial on his own behalf and for denying him the right to have a blood test performed and the results offered into evidence at trial. The court appointed counsel to represent defendant on his petition and following a full evidentiary hearing and arguments, the court, by order dated February 21, 1989, denied the Post Conviction Hearing Act petition.

Defendant once again filed an appeal to the Superior Court of Pennsylvania. The trial court's denial of defendant's petition was affirmed by the Pennsylvania Superior Court and a petition for allowance of appeal to the Supreme Court of Pennsylvania was denied January 25, 1991.

Nine years and 23 days after imposition of sentence, defendant filed his *second* Post Conviction Relief Act petition on October 24, 1991. Therein defendant, for the very first time, asserted that he was denied his constitutional right to a fair trial because the Commonwealth had improperly excluded five African-Americans from sitting on the jury and that his prior counsel were ineffective for not raising the issue. The court appointed yet another attorney to represent the defendant and set a hearing date. At the hearing held January 8, 1992, defendant offered no testimony nor other evidence in support of his petition; instead he merely presented argument. Following the submission of briefs by counsel, the court, by order dated July 17, 1992, denied defendant's second Post Conviction Relief Act petition.

Counsel for defendant on his second Post Conviction Relief Act petition neglected to advise defendant of the court's order of July 17, 1992 denying his petition.

Accordingly, new counsel was appointed to represent the defendant and pursuant to a stipulation entered into between defendant and the Commonwealth, the court, by order dated March 11, 1994, reinstated defendant's right to appeal from the denial of his second Post Conviction Relief Act petition. It is pursuant to that order that defendant now appeals to the Pennsylvania Superior Court from this court's order of July 17, 1992.

The court, when evaluating a claim of ineffective assistance of counsel, presumes that counsel is effective and the defendant bears the burden of proving otherwise. *Commonwealth v. Poindexter,* 435 Pa. Super. 509, 646 A.2d 1211 (1994). Here, defendant failed to offer any evidence whatsoever in support of his contention of ineffectiveness. No evidence was offered as to how many African-Americans were on the jury panel from which the trial jury ultimately was selected. Likewise, no evidence was offered as to how many, if any, African-Americans were struck from the panel, whether any such strikes were for cause, or whether either the Commonwealth or the defense used peremptory challenges to strike such jurors. Accordingly, in the complete and utter absence of any evidence offered by defendant to support the factual contentions of his petition, he failed to sustain his burden to establish the ineffectiveness of prior counsel and the petition was denied properly on that basis alone.

Furthermore, this court is of the opinion that the denial of defendant's petition is justified on two additional grounds. First, defendant's failure to raise the issue regarding the exclusion of African-American jurors from his trial jury in his first Post Conviction Hearing Act petition constitutes a waiver of the issue. The Post Conviction Relief Act of the Judicial Code, 42 Pa.C.S. §9544(b), provides:

"(b) *Issues waived*—For the purposes of this sub-chapter, an issue is waived if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter."

The issue now being raised by defendant for the first time (regarding the alleged exclusion of African-Americans from his jury by the Commonwealth) unquestionably could have been raised by defendant in his first Post Conviction Hearing Act petition and, therefore, the issue is waived unless it falls within one of the exceptions set forth at section 9543(a)(3) of the Act. A review of that section shows that only subsection (a)(3)(ii) would arguably be applicable to the instant situation. That subsection provides:

"(a) *General Rule*—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following: ...

"(3) that the allegation of error has not been previously litigated and one of the following applies: ...

"(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual."

A review of defendant's second Post Conviction Relief Act petition establishes (in section nine of said petition) that he does not aver that his waiver of the allegation of error should be excused because the alleged error resulted in the conviction of an innocent individual. Instead, he merely contends that the allegation of error itself has not been waived. However, defendant's failure to raise the issue regarding the allegedly improper striking of African-Americans from the jury panel by the Commonwealth in his first Post Conviction Hearing Act petition does constitute a waiver of that issue in

the absence of its qualifying as an exception to the waiver provision of the Act. There is no evidence suggesting an innocent man was convicted here, quite the contrary. *Commonwealth v. McGriff,* 432 Pa. Super. 467, 638 A.2d 1032 (1994); *Commonwealth v. Dukeman,* 413 Pa. Super. 397, 605 A.2d 418 (1992). Accordingly, this court is of the opinion that defendant has waived the issues raised in his second petition.

Further, defendant's delay in raising this issue also requires denial of his petition. Defendant's second petition was filed nine years after judgment of sentence was imposed and nine years, six months after trial of the matter. While delay in and of itself is not a basis for denying a Post Conviction Relief Act petition, long delay is a relevant consideration in a court's review. Where there is no justification for the delay, the court may take a more stringent approach to the allegations raised in the petition, especially when the delay has resulted in problems of proof for the Commonwealth. *Commonwealth v. McAndrews,* 360 Pa. Super. 404, 520 A.2d 870 (1987). The Act itself specifically provides an exception to a petitioner's right to relief at section 9543(b):

"(b) *Exception*—Even if the petition meets the requirements of subsection (a), the petition shall be dismissed if it appears that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to retry the petitioner... ." 42 Pa.C.S. §9543(b).

At the hearing on defendant's second petition, the assistant district attorney represented to the court that the near 10-year delay in raising this issue (the propriety of exercising challenges to certain jurors) had prejudiced the Commonwealth's ability to respond by reconstructing what occurred regarding jury selection and the rea-

soning of trial counsel as it relates thereto. The Commonwealth's situation is aggravated by the fact that the assistant district attorney who tried the case no longer works in the office and is, in fact, currently residing in California. The record in this matter unequivocally establishes that defendant's unjustified delay in raising the issues presented in his second petition prejudiced the Commonwealth in its ability to respond to the petition and that even if for no other reason, defendant's petition was denied properly on this basis.

It is for these reasons that this court denied defendant's second Post Conviction Relief Act petition.