J-S04012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIO PAGAN | : | |
| | : | |
| Appellant | : | No. 1179 MDA 2017 |

Appeal from the PCRA Order June 26, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001182-2015

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                          **FILED MAY 01, 2018**

Julio Pagan ("Appellant") appeals from the June 26, 2017 denial of his

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm.

The PCRA court set forth the following factual and procedural history:

> On July 27, 2015, [Appellant] was charged in this matter
> with eight (8) counts of Violation of the Controlled Substance,
> Drug, Device and Cosmetic Act for possession of various
> controlled substances, including the following: heroin, cocaine,
> crack cocaine, suboxone, marijuana; plus, twenty-nine glassine
> bags, six knotted sandwich bags, three suboxone films, a digital
> scale, and a smoking pipe.
>
> [Appellant] pled guilty to the crimes cited above pursuant
> to a plea agreement, which called for him to serve two (2) to
> five (5) years in a State Correctional Facility.  On April 20, 2016,
> [the trial court] sentenced [Appellant] in accordance with
> [Appellant's] plea agreement.  In addition, [the trial court] also
> declared [Appellant] to be RRRI eligible and designated his RRRI
> minimum at eighteen (18) months.

On May 5, 2016, [Appellant] filed a petition for relief under the [PCRA]. The sole issue raised dealt with time credit in [Appellant's] first PCRA petition. On June 29, 2016, [the PCRA court] [o]rdered [Appellant's] court-appointed counsel to work with the Commonwealth regarding the calculation of time credit. Thereafter, on July 25, 2016, [Appellant] withdrew his Petition.

[Appellant] then filed a second PCRA Petition on December 5, 2016, alleging the following:

    1)    His guilty plea was unknowing and involuntary;

    2)    His counsel was ineffective for failure to ensure he had an opportunity to withdraw his guilty plea;

    3)    He was deprived of due process; and

    4)    His sentence did not include credit for the time he spent incarcerated prior to his sentencing, which he claims was part of [his] plea agreement.

On March 17, 2017, upon consideration of [Appellant's] second Petition, [the PCRA court] deemed [Appellant's] time credit issue to have been waived, given that the issue of time credit was raised and addressed within [Appellant's] initial PCRA Petition, and given that said PCRA Petition was withdrawn. However, as [Appellant's] second PCRA Petition was timely and raised claims which were not addressed in his first Petition, the [PCRA court] held a hearing on June 22, 2017.

After the hearing, [the PCRA Court] issued the following findings:

    1)    [Appellant] did spend time in prison prior to his sentencing, but that time was triggered by another docket unrelated to the one now before the Court.

    2)    The parties never reached a plea agreement calling for [Appellant] to receive pretrial concurrent time. The plea agreement was stated in open court to be "two to five years in a State Correctional facility." Therefore, at the time of sentencing, [Appellant] received a sentence of two to five years as appropriate.

- 2 -

3)     The written guilty plea form executed by [Appellant] also articulates . . . the plea agreement at "two to five years" and similarly makes no reference of pretrial concurrent time.

4)     [Appellant] entered a plea of guilty in open court on February 17, 2016.  At the time of his plea, [Appellant's] plea agreement of "two to five years" was articulated verbally on the record.

5)     [The PCRA court] found [Appellant's] guilty plea counsel to be credible.

6)     There were no credible allegations of ineffectiveness presented by [Appellant].

In addition to the above findings, [the PCRA court] addressed the waived time credit issue raised by [Appellant] and cited that the State Bureau of Corrections calculated [Appellant's] sentence in accordance with the Court's Sentencing Order directive, which specifically stated: [Appellant] shall be entitled to time credit for all the time he/she spent incarcerated solely as the result of this offense.  However, he/she shall not be entitled to credit for any time spent in prison on any other matter.

PCRA Court Opinion, 8/17/17, 2–4 (footnotes omitted).  Following the hearing, the PCRA court denied Appellant's PCRA petition.  Order, 6/26/17, at 3.  Appellant filed his timely notice of appeal to this Court on July 20, 2017.[1]

_____

[1]   Although an error in the computation of sentence by the Bureau of Corrections is properly redressed by an original action in the Commonwealth Court, challenges to the legality of sentence and to the trial court's failure to award credit for time served as required by the law are cognizable under the PCRA.  **See Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015).

Appellant sets forth a single question for our review:

1. Did the Court of Common Pleas of Lebanon County err or abuse its [discretion] in denying [Appellant's] Post Conviction Relief Act Petition?

Appellant's Brief at 7.[2]

Our standard of review of a denial of PCRA relief is well settled. "In conducting review of a PCRA matter, we consider the record in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (citations and internal punctuation omitted). Our review is limited to the findings of the PCRA court and the evidence of record. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). Further, "[w]e will not disturb a PCRA court's ruling

---

[2]  At the outset, we note with displeasure that Appellant's counseled brief fails to conform to a number of rules of appellate procedure. Specifically, Appellant failed to append the trial court opinion to his brief as required by Pa.R.A.P. 2111(b). He also failed to include an averment that the PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, as required by Pa.R.A.P. 2111(d). Further, Appellant has failed to include a transcript of the June 22, 2017 PCRA hearing in the record and has failed to account for its absence, as required by Pa.R.A.P. 1923, Statement in Absence of Transcript. Additionally, Appellant failed to append any of the documents listed in the appendix to his brief, namely an undated "Letter from Lebanon County Deputy Clerk of Courts" and an undated "Letter from Pennsylvania Department of Corrections." Finally, we note that one page appears to be missing from the Argument section of Appellant's brief. Appellant's Brief at 11–13. We obtained a copy of the missing page. Despite the significant defects in Appellant's brief, we will address Appellant's arguments. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (addressing Appellant's issues despite the shortcomings in the appellate brief).

if it is supported by evidence of record and is free of legal error." **Id**. This Court may affirm the PCRA court on any basis. **Id**. "We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id**. "Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014).

Before we address the merits of Appellant's claim, we must determine the impact that his first, withdrawn PCRA petition has on the instant petition. "Where an Appellant has voluntarily withdrawn a previous post-conviction petition, and then files a subsequent post-conviction petition, the second will be dismissed unless the withdrawal of the first petition was not intelligent." **Commonwealth v. Shaffer**, 569 A.2d 360, 362 (Pa. Super. 1990). **See also** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

In his first PCRA petition, which was filed *pro se*, Appellant alleged that he was in custody on June 12, 2015, through April 16, 2016, and should have received credit for that time served. PCRA Petition, 5/5/16, at 3. He further alleged that his trial counsel was ineffective for failing to argue that he was entitled to 313 days credit for time served. **Id**. On June 29, 2016,

the PCRA court ordered counsel for Appellant and counsel for the Commonwealth to reach a stipulation regarding the status of the 313 days to which Appellant claimed he was entitled credit, and granted leave for each party to brief the issue after the stipulation was prepared. Order, 6/29/16, at 1–2. Despite the PCRA court's order, there is nothing in the record or on the docket evincing any stipulation regarding the credit Appellant was due for the 313 days served.

Thereafter, on July 25, 2016, Appellant filed a counseled petition to withdraw his first PCRA petition. Petition to Withdraw PCRA Petition, 7/25/16. Appellant's petition to withdraw states that after thorough review with counsel, Appellant "stated that he wanted to withdraw said petition." *Id*. at ¶ 3. Further, Appellant represented that he "understands the consequences of withdrawal and consents to a withdrawal of his appeal." *Id*. at ¶ 4. Moreover, Appellant signed a verification in which he acknowledged that the statements made in the petition to withdraw were true and correct. *Id*., Exhibit A. The trial court granted Appellant's petition to withdraw his PCRA petition on July 27, 2016.

Appellant filed a second, timely, *pro se* PCRA petition on December 5, 2016. In that petition, he argued that the Department of Corrections erred when it refused to award him credit for time served. PCRA petition, 12/2/16, at 3. He further alleged that "the Lebanon County prison, the clerk of court, and the district attorney assured [him] that the time in question

'has been' credited to the sentence imposed in this matter." ***Id***. at 4. Appellant also alleged that his counsel was ineffective for "failing to ensure [Appellant] had an opportunity to withdraw [his] guilty plea after sentencing judge sentenced [him] outside of the negotiated plea agreement. . . ." ***Id***.[3] Appellant ultimately sought to have his sentence corrected. ***Id***. at 6. The PCRA court appointed counsel for Appellant and held a hearing on June 22, 2017. Following the hearing, the PCRA court denied Appellant's petition.

In its opinion, the PCRA court found that, "upon consideration of [Appellant's] second Petition, we deemed [Appellant's] time credit issue to have been waived, given that the issue of time credit was raised and addressed within the [Appellant's] initial PCRA petition, and given that said PCRA petition was withdrawn." PCRA Court Opinion, 8/17/17, at 3. We agree.

Indeed, although on appeal, Appellant baldly asserts that he withdrew his petition because he incorrectly believed that proper credit would be or had been applied to his sentence, it is uncontroverted that Appellant voluntarily withdrew his PCRA petition after thorough review with his counsel

---

[3] There is no discussion or analysis of any alleged ineffectiveness of counsel in his brief to this Court. Thus, we find Appellant has abandoned the ineffective assistance of counsel argument contained in his second PCRA Petition. ***Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa. Super. 2008).

and with knowledge of the attendant consequences.[4] *See infra*. Thus, his withdrawal was intelligent and Appellant has waived any argument relating to the credit for time served. *See Shaffer*, 569 A.2d at 362.

Even if we were to reach the merits of Appellant's appeal, we would affirm the PCRA court's order. The April 20, 2016 sentencing order in this case contains the following unambiguous language: "The Defendant shall be entitled to credit for all the time he/she spent incarcerated solely as a result of this offense. However, he/she shall not be entitled to credit for any time spent in prison on any other matter." Sentencing Order, 4/20/16, at 5. The time Appellant served prior to his guilty plea in this case was "triggered by another docket unrelated to the one now before the [c]ourt." PCRA Court Opinion, 8/17/17, at 3. The PCRA court further noted that the plea agreement entered into by the parties did not contain a provision calling for Appellant to receive pretrial concurrent time. *Id*. Indeed, the plea agreement occurred in open court and contained the following colloquy:

THE COURT:                 Is there a plea agreement?

[APPELLANT'S COUNSEL]:   Two-to-five years in the state correctional facility.

---

[4] In his brief, Appellant specifically alleges that he withdrew his first petition "after being assured by his prior counsel that the 313 days were appropriately applied" and that Appellant "was assured by prior counsel that this credit would be applied to the sentence at issue in this matter." Appellant's Brief at 13.

THE COURT:                    Mr. Pagan, do you understand and
                              do you accept your plea
                              agreement?

APPELLANT:                    Yes, your honor.

Notes of Testimony ("N.T."), Guilty Plea, 2/17/16, at 3. Similarly, the record at Appellant's sentencing is devoid of any discussion of credit for time served in the plea agreement or otherwise. N.T., Sentencing, 4/20/16.

On appeal, Appellant's entire argument is based upon his averments alone. Indeed, he "avers that his negotiated plea agreement included credit for the 313 days at issue in this matter." Appellant's Brief at 13. He "avers" he was told by his plea counsel and the clerk of courts that he would receive 313 days credit for time served. *Id*. He "avers" he was told by prior PCRA counsel that he would receive the credit and that is why he withdrew his prior PCRA petition. *Id*. Appellant provides no evidence in support of these allegations.[5]

Moreover, his claims are directly contradicted by the PCRA court in its opinion. The court held a hearing on Appellant's second PCRA petition and issued findings which included the fact that the parties "never reached a plea agreement for [Appellant] to receive pretrial concurrent time. The

_____

[5] In the Statement of the Case portion of his brief, Appellant cites to two letters, one from the Deputy Clerk of Courts and one from the Pennsylvania Department of Corrections, in which he allegedly was informed that he was entitled to credit for the 313 days served. Although Appellant claims to have appended the letters as Exhibits B and C to his brief, there are no such appendices.

agreement was stated to be 'two to five years in a state correctional facility.' Therefore, at the time of sentencing, [Appellant] received a sentence of two to five years as appropriate." PCRA Court Opinion, 8/17/17, at 4. The PCRA court further found Appellant's plea counsel to be credible.[6] Finally, the PCRA court noted:

> Here, [Appellant] was unable to establish any credible evidence to support his bald allegation of ineffective assistance of counsel during his guilty plea or sentencing, nor was there a showing that [Appellant's] guilty plea in open court was involuntary. In addition, it is clear that [the sentencing court] sentenced [Appellant] in accordance with his plea agreement.

*Id*. at 6. We will not disturb the PCRA court's credibility determinations as they relate to Appellant and his trial/PCRA counsel. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (The PCRA Court's credibility determinations, when supported by the record, are binding. . . ."). To the extent that the record is available to us, it wholly supports the PCRA court's determinations, and Appellant has failed to show any error on behalf of the PCRA court in its denial of his PCRA petition.

Order affirmed.

---

[6] Although this Court attempted to obtain a copy of the video or transcript of Appellant's June 22, 2017 PCRA hearing we were unable to do so. Thus, we are limited in our ability to determine error on the part of the PCRA court. It is undisputed that "the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the trial court." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (citing Pa.R.A.P. 1931).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/01/2018