J-S03030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS JAMES BOSSONS | : | |
| | : | |
| Appellant | : | No. 2767 EDA 2018 |

Appeal from the PCRA Order Entered September 4, 2018
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000794-2014

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 08, 2019**

Appellant, Nicholas James Bossons, appeals from the September 4, 2018 order denying his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

On January 10, 2014, Jeffrey Janos ("Janos") went to a bar where he met Appellant. They left the bar at approximately 1:00 a.m. the following morning. When they reached Janos' residence, Janos went inside to retrieve a beverage for Appellant. Instead of waiting outside for the beverage, Appellant followed Janos into the residence. Appellant retrieved a knife and demanded that Janos give him several valuable items and United States

---

[1] *Cf. Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa. Super. 2003) ("When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes.").

currency. Janos told Appellant that he did not have any currency on his person. Appellant then lunged at Janos with the knife and proceeded to attack Janos for 10 to 15 minutes. Appellant then stole valuables from Janos' residence and fled the scene.

Later that morning, police responded to a domestic incident at another residence. When they arrived on the scene, they noticed a long trail of blood through the residence, which led to Appellant. When questioned by police, Appellant attempted to flee the scene and a scuffle ensued. Eventually, police were able to subdue Appellant and placed him in a police car. While in the car, Appellant told officers that he had escaped from work release. He was taken to the police station where he also admitted to attacking Janos.

On December 4, 2014, Appellant was convicted of three counts of aggravated assault,[2] attempted murder,[3] robbery,[4] possessing an instrument of crime,[5] and resisting arrest.[6] On February 20, 2015, the trial court sentenced Appellant to an aggregate term of 30 to 60 years' imprisonment. Appellant did not file a direct appeal.

_____

[2] 18 Pa.C.S.A. § 2702.

[3] 18 Pa.C.S.A. §§ 901, 2502.

[4] 18 Pa.C.S.A. § 3701(a)(1)(i).

[5] 18 Pa.C.S.A. § 907(a).

[6] 18 Pa.C.S.A. § 5104.

On December 29, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and, on May 27, 2016, the PCRA court granted the petition and reinstated Appellant's direct appeal rights *nunc pro tunc*. This Court affirmed the judgment of sentence. **Commonwealth v. Bossons**, 168 A.3d 307, 2017 WL 972125 (Pa. Super. 2017) (unpublished memorandum).

On August 21, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed. At the hearing on the petition, Appellant moved to withdraw the petition and the PCRA court granted that motion to withdraw.

On February 22, 2018, Appellant filed his second *pro se* PCRA petition raising the same claims as the August 21, 2017 petition. Counsel was appointed and an evidentiary hearing was conducted. On September 4, 2018, the PCRA court denied the petition. This timely appeal followed.[7]

Appellant presents five issues for our review:

1. Whether trial counsel was ineffective in failing to file an omnibus pretrial motion seeking to suppress [Appellant's statement to police?]

2. Whether trial counsel [was ineffective in failing] to object to the admission of photographs of injuries [suffered by Janos?]

3. Whether trial counsel was ineffective in failing to advise [] Appellant of a plea offer prior to the [hearing to discuss the plea offer?]

4. Whether trial counsel was ineffective in failing to pursue [a] self-defense [theory and advising Appellant not to testify at trial?]

---

[7] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

5. [Whether] trial counsel was [] ineffective in failing to challenge [Juror 21] for cause[?]

Appellant's Brief at 3-4 (complete capitalization omitted).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). Before addressing the merits of the issues raised on appeal, we explain why Appellant is not eligible for PCRA relief.

A petitioner is not eligible for PCRA relief if the allegation of error is waived. 42 Pa.C.S.A. § 9543(a)(3). Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or **in a prior state post-conviction proceeding.**" 42 Pa.C.S.A. § 9544(b) (emphasis added). In this case, Appellant could have raised the effectiveness of trial counsel in his first PCRA petition but failed to litigate that issue. Thus, his claims are waived and he is not eligible for PCRA relief.

The facts of this case are similar to the facts in *Commonwealth v. Shaffer*, 569 A.2d 360 (Pa. Super. 1990). In that case, the petitioner filed a PCRA petition and later withdrew that petition. He then filed a second, timely PCRA petition raising those same claims. This Court explained that "[w]here a[ petitioner] has voluntarily withdrawn a previous post-conviction petition,

and then files a subsequent post-conviction petition, the second petition will be dismissed unless the withdrawal of the first petition was not intelligent." *Id.* at 363. In this case, Appellant does not argue, nor is there any support in the record, for a finding that Appellant's withdrawal of his first PCRA petition was unintelligent. Furthermore, in **Shaffer** this Court held that "where an issue is raised in a post-conviction petition, but is not pursued at a hearing, it is deemed to be waived unless the failure to pursue the issue was not knowing and understanding." *Id.* In this case, Appellant's first PCRA petition raised all five claims he is currently pursuing. **See** Appellant's First PCRA Petition, 8/21/17, at 4. Again, there is no indication in the record that Appellant's decision to forgo these claims at the hearing on his first PCRA petition was unknowing. Accordingly, Appellant waived all of the issues presented in his second PCRA petition and was not eligible for relief. We affirm the PCRA court's order denying the petition on that basis.[8] **See Commonwealth v. Cramer**, 195 A.3d 594, 607 n.5 (Pa. Super. 2018) (we may affirm on any basis).

Order affirmed.

---

[8] Moreover, even if Appellant were eligible for PCRA relief we would conclude he is not entitled to relief on the five issues he raises on appeal because: (1) his statement was voluntary under the circumstances; (2) the photographs were not more prejudicial than probative; (3) Appellant was aware of the second plea offer and knowingly rejected that offer; (4) counsel was not ineffective in failing to pursue a self-defense theory; (5) counsel was not ineffective in failing to advise Appellant to testify; and (6) counsel was not ineffective for failing to strike Juror 21 for cause.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/19