J-S46023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE ANTONIO SANTIAGO | : | |
| | : | |
| Appellant | : | No. 3207 EDA 2018 |

Appeal from the PCRA Order Entered August 27, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001744-2015,
CP-39-CR-0001949-2015, CP-39-CR-0002374-2009,
CP-39-CR-0002522-2009

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 05, 2019**

Appellant, Jose Antonio Santiago, appeals *pro se* from an order entered on August 27, 2018, which memorialized his request to withdraw and, alternatively, dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Upon review, we are constrained to quash this appeal.

The   PCRA   court   accurately   summarized   the   relevant   factual background of this case as follows:

> On January 25, 2016, [Appellant] entered [guilty pleas] to homicide by vehicle while under the influence of alcohol, driving under the influence of alcohol, and aggravated assault by vehicle while driving under the influence of alcohol in case [number] 1744/2015.  On the same date, [Appellant] entered [guilty pleas] to two [] counts of delivery of a controlled substance (marijuana)

---

[*] Retired Senior Judge assigned to the Superior Court.

in case [number] 1949/2015. Thereafter, on April 4, 2016, [Appellant] was sentenced to the following: [i]n case [number] 1744/2015, an aggregate sentence of not less than ten [] years nor more than [20] years in a state correctional facility; in case [number] 1949/2015, an aggregate sentence of not less than one [] year nor more than two [] years in a state correctional institution. [Appellant's sentence at case Number 1949/2015] was ordered to run consecutively to the sentence imposed in case [number] 1744/2015. In addition, at the sentencing hearing, a **Gagnon II**[1] hearing was conducted before the [trial court] in which [Appellant] admitted the factual basis for the probation [violation]. [Accordingly, in] case [number] 2374/2009, [the trial court] revoked [Appellant's] probation and resentenced [Appellant] to a term of imprisonment of not less than one [] year nor more than two [] years in a state correctional institution. Also, in case [number] 2522/2009, [Appellant's] probation was revoked and he was resentenced to a term of imprisonment of not less than one [] year nor more than two [] years in a state correctional institution. All sentences [were] ordered to run consecutively to each other.

PCRA Court Opinion, 10/29/18, at 1-2 (superfluous capitalization omitted) (footnote added).

This Court affirmed Appellant's judgment of sentence on June 29, 2017. **See Commonwealth v. Santiago**, __A.2d__, 1459 EDA 2016 (Pa. Super. 2017) (unpublished memorandum), at 1-18 (citation omitted). Appellant did not seek further review of this Court's decision. Thereafter, on July 3, 2018, Appellant filed a timely *pro se* PCRA petition. Appellant's *Pro Se* PCRA Petition, 7/3/18, at 1-10. Counsel was subsequently appointed and filed an amended petition on Appellant's behalf on August 14, 2018. Appellant's Amended PCRA Petition, 8/14/18, at 1-4.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

The PCRA court conducted an evidentiary hearing regarding Appellant's petition on August 27, 2018. At the hearing, however, Appellant indicated that he wished to withdraw his petition. N.T. Evidentiary Hearing, 8/27/18, at 1-5. Thereafter, the PCRA court entered an order "withdraw[ing] and dismiss[ing]" Appellant's petition. PCRA Court Order, 8/27/18, at 1.

Appellant did not file a notice of appeal within 30 days of the court's August 27, 2018 order dismissing and directing the withdrawal of Appellant's PCRA petition. *See* Appellant's Notice of Appeal, 10/8/18, at 1; *see also* Pa.R.A.P. 903. As such, Appellant filed a motion requesting permission to appeal *nunc pro tunc*. Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 1-2. In his motion, Appellant argued that, in the immediate aftermath of his PCRA hearing, he remained in Lehigh County Jail without access to a computer or typewriter. *Id.* at 1. In addition, Appellant claimed that a subsequent transfer to SCI Phoenix on September 7, 2018 also caused significant delay in filing his notice of appeal. *Id.* at 2. In view of Appellant's arguments, the PCRA court granted Appellant's motion for leave to appeal *nunc pro tunc* on October 29, 2018. PCRA Court Order, 10/29/18, at 1.

Our standard of review is as follows:

As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. [This Court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

- 3 -

*Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

At the outset, we note that the PCRA court's orders in this case give rise to much confusion. At the conclusion of Appellant's PCRA hearing, the court granted Appellant's oral motion to withdraw his petition. N.T. Evidentiary Hearing, 8/27/18, at 4. However, in its subsequent written order, the PCRA court stated that Appellant's PCRA petition "is hereby withdrawn and dismissed." PCRA Court Order, 8/27/18, at 1. This language results in uncertainty as to whether the PCRA court granted Appellant's motion to withdraw his petition or whether it dismissed Appellant's petition. Nonetheless, as we conclude that Appellant is not entitled to relief under either alternative, we address each in turn.

First, we address a scenario in which we assume that the PCRA court granted Appellant's motion to withdraw his PCRA petition. Pursuant to Pa.R.Crim.P. 905(a), if the court grants leave to do so, a party may "withdraw a petition for post-conviction collateral relief at any time." *See Commonwealth v. Williams*, 828 A.2d 981, 987-988 (Pa. 2003). If the court grants leave to withdraw a petition and, as a result, "an issue [] raised in a post-conviction petition [] is not pursued at a hearing" the issue "is deemed to be waived unless the failure to pursue the issue was not knowing and understanding." *Commonwealth v. Shaffer*, 569 A.2d 360, 363 (Pa. Super. 1990).

- 4 -

At Appellant's evidentiary hearing, he stated that he wished to withdraw his petition. N.T. PCRA Evidentiary Hearing, 8/27/18, at 1-5. Specifically, Appellant's counsel explained that, in filing his PCRA petition, Appellant's goal was to "[obtain] a more favorable sentence." *Id.* at 3. After learning that under the PCRA, a challenge to the discretionary aspects of his sentence was unavailable and that the only option was to seek the withdrawal of his guilty pleas and "go back to square one," Appellant elected to withdraw his petition. *Id.* Thereafter, the PCRA court questioned Appellant to ensure that he did, in fact, wish to withdraw his petition. The following interaction occurred:

> **THE COURT**: [W]hat would you like to say? Do you understand?
>
> **[APPELLANT]**: I do. I was under the impression, when I initially filed the PCRA that I could possibly -- I put in the PCRA to get what was promised to me from [plea counsel], the concurrency in the drug case, a sentence of less than what you sentenced me to. As [PCRA counsel] stated, I guess I would have to withdraw my whole entire guilty plea and that's not something I'm willing to do.
>
> **THE COURT**: Right. And sentencing issues, while I understand and appreciate that you were not happy, obviously, with the number of years that I gave you, it's not a valid PCRA. So I will allow you to withdraw your petition and I wish you luck. [O]kay. Thank you.

*Id.* at 3-4. This interaction confirms that Appellant knowingly withdrew his PCRA petition. Therefore, the claims within his original petition are waived, and cannot now be addressed on appeal. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Next, we consider Appellant's appeal as if the PCRA court dismissed his PCRA petition on August 27, 2018. *See* PCRA Court Order, 8/27/18, at 1. Pursuant to Pa.R.A.P 903(a), a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P 903(a). Thus, Appellant had until September 27, 2018 to file his notice of appeal. Appellant, however, is incarcerated. As such, he is entitled to the mailbox rule and any document is deemed "filed on the day it is placed in the hands of prison authorities for mailing." *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007). To resolve the timeliness of Appellant's notice of appeal, we carefully recount below the relevant procedural developments in the case following the dismissal of Appellant's PCRA petition.

The PCRA court conducted Appellant's evidentiary hearing on August 27, 2018. PCRA Court Opinion, 10/29/18, at 2. Thereafter, Appellant remained in Lehigh County Jail. Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 2. Subsequently, on September 7, 2018, Appellant was transferred to SCI Phoenix. *Id.* At that time, SCI Phoenix was "undergoing a [s]tate of [e]mergency." *Id.* Specifically, "after multiple inmates and prison staff members were sickened as a result of exposure to a synthetic drug," the Pennsylvania Department of Corrections instituted a lockdown to manage the mail. *Commonwealth v. Carpio-Santiago*, 2019 WL 2158819, *1, n.1. (Pa. Super. 2019) (unpublished memorandum opinion); Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 2. Essentially, this lockdown required all in-coming mail to be sent to an institution known as Smart

Communications/PADOC in St. Petersburg, Florida. ***See*** Pennsylvania Department of Corrections Letter, RE: Changes to Mail Procedures, 9/7/18, at 1. The institution would open the mail, scan it, and then send printed electronic copies of the original mail to the inmate recipient. ***Id.***

On October 23, 2018, the PCRA court received and docketed Appellant's notice of appeal. Appellant's Notice of Appeal, 10/8/18, at 1. The notice itself was dated September 14, 2018. ***Id.*** However, it included two other dates. ***Id.*** In particular, it stated that it was "[r]ecieved by [the Department of Corrections] on October 8, 2018" and "re-mailed on October 13, 2018." ***Id.*** Additionally, Appellant attached a motion requesting permission to appeal *nunc pro tunc*. Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 1-2. This was also dated September 14, 2018. ***Id.*** at 2.

On October 29, 2018, the PCRA court granted Appellant's motion for leave to appeal *nunc pro tunc*. PCRA Court Order, 10/29/18, at 1. In doing so, the court reasoned that certain "[e]xtenuating circumstances" such as "fraud, [a] breakdown in the court's operations, or an oversight by a defendant's attorney" may, at times, "justify granting a motion to file *nunc pro tunc*." PCRA Court Opinion, 10/29/18, at 3, *citing* ***Commonwealth v. Stock***, 679 A.2d 760 (Pa. 1996). Thus, the PCRA court held that, while Appellant's notice of appeal "appear[ed] [] untimely," "extraordinary circumstances" warranted the right to appeal *nunc pro tunc*. ***Id.***

On June 14, 2019, this Court issued an order to show cause why the appeal should not be quashed as untimely. On June 24, 2019, Appellant filed

- 7 -

a response. Appellant enclosed his motion for leave to appeal *nunc pro tunc*, the PCRA court's order granting his request, and letter from John E. Wetzel, the Secretary of Corrections, explaining the change in the mail procedures under the prison lockdown. Response to Rule to Show Cause, 6/24/19, at 1. By order filed on July 12, 2019, this Court discharged its show cause order and referred the matter to the panel assigned to decide the merits of this appeal.

As stated above, Appellant was required to file his notice of appeal on or before September 27, 2018. **See** Pa.R.A.P 903(a). Herein, Appellant argues that he filed his notice of appeal on September 14, 2018, and, therefore, it was timely. Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 1-2. Specifically, Appellant asserts that he "attempt[ed] to mail the [n]otice of [a]ppeal on the initial date signed" (September 14, 2018) and the "[t]hird party would not accept it." **Id.** at 2.

Upon review, we conclude that Appellant's claim is belied by the record for two reasons. First, Appellant's notice of appeal contains three separate dates: September 14, 2018, October 8, 2018, and October 14, 2018. Appellant's Notice of Appeal, 10/8/18, at 1. Two dates – October 8, 2018 and October 14, 2018 – make reference to when Appellant gave the notice of appeal to prison authorities. Specifically, the notice states that it was "[r]eceived by [the Department of Corrections] on October 8, 2018" and "re-mailed on October 13, 2018." **Id.** This statement calls into question the veracity of Appellant's assertion that the notice of appeal was delivered on

- 8 -

September 14, 2018. Second, Appellant's motion requesting permission to appeal *nunc pro tunc* is also dated September 14, 2018, approximately two weeks before his appellate rights terminated. Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 1-2. Because Appellant had no reason to prepare a request to appeal *nunc pro tunc* on September 14, 2018 (nearly two weeks prior to the expiration of his filing deadline), we do not credit his claim that he delivered the notice on September 14, 2018. As the other dates contained on his notice – October 8, 2018 and October 14, 2018 - are outside the 30 day appeal period, we hold that we must quash this appeal as untimely filed.[2]

Next, we consider whether "fraud or breakdown in the processes of a court" would excuse the untimely filing. **See** Pa.R.A.P 105. In this case, the PCRA court determined that Appellant alleged "[e]xtenuating circumstances

---

[2] Even if Appellant did, in fact, file his notice of appeal on September 14, 2018, we conclude that this appeal is also subject to quashal under ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). Notably, Appellant filed only one notice of appeal, listing all four docket numbers: Criminal Information Nos. 1744-2015, 1949-2015, 2374-2009, and 2522-2009. **See** Appellant's Notice of Appeal, 10/8/18, at 1. On June 14, 2019, this Court issued a rule to show cause why the appeal should not be quashed based upon our Supreme Court's decision in ***Walker***, 185 A.3d at 977 (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note). On June 28, 2019, Appellant filed a response. Appellant argued that his claims had merit, and attached four new notices' of appeal, all of which contain a different docket number. Response to Rule to Show Cause, 6/28/19, at 1. This will not salvage Appellant's appeal under ***Walker*** because, initially, Appellant only filed one notice of appeal when he was required to file a separate notice of appeal at each docket. **See id.** Thus, even though we shall quash Appellant's appeal because of his failure to file a timely notice of appeal, we note that it is also subject to quashal under ***Walker***.

which would justify granting a motion to file *nunc pro tunc*." PCRA Court's Opinion, 10/29/18, at 1-2. We disagree.

"[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to [the] general rule." ***Commonwealth v. Stansbury***, 2019 WL 4197218, *1, *2 (September 5, 2019). In most instances, however, a court will find that a breakdown has occurred due to an administrative or technical failure. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (explaining that "courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him"); ***Commonwealth v. Braykovich***, 664 A.2d 133, 136-138 (Pa. Super. 1995) (holding that the failure to advise the defendant that his post-sentence motion had been denied resulted in a breakdown in the court system and excused an untimely filed appeal).

In this case, Appellant asserted that SCI Phoenix was undergoing a "[s]tate of [e]mergency" with regard to "all out[-]going and in-coming mail." Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/8/18, at 1-2. This, per Appellant, prevented him from mailing his notice of appeal in a timely manner. ***Id.*** Appellant's claim, again, is contradicted by the record. While it is true that Pennsylvania Department of Corrections instituted a lockdown of all state prisons, the lockdown ended September 9, 2018, five days before Appellant allegedly attempted to send his notice of appeal. ***See Commonwealth v.***

- 10 -

*Carpio-Santiago*, 2019 WL 2158819, *1, n.3. (Pa. Super. 2019). Furthermore, the lockdown did not interfere with out-going mail. *See* Pennsylvania Department of Corrections Letter, RE: Changes to Mail Procedures, 9/7/18, at 1. Instead, it required all in-coming mail to be sent to an institution in St. Petersburg, Florida. *Id.* Thus, unlike the PCRA court, we cannot conclude that a breakdown in the court system excused Appellant's untimely filing.

Lastly, we address Appellant's motion for permission to appeal *nunc pro tunc* as a free-standing PCRA petition since it requested relief cognizable under the PCRA and was filed after Appellant's judgment of sentence became final. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007), *quoting* **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). Before this Court considers the merits of this petition, however, we "must first determine whether [it was] timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2001), *appeal denied* 53 A.3d 77 (Pa. 2012).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct

review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on July 31, 2017, 30 days after this Court's June 29, 2017 decision affirming his judgment of sentence. *See* 1 Pa.C.S.A. § 1908. Hence, Appellant's petition is manifestly untimely because it was filed in October 2018. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant failed to plead or prove that one of the above-mentioned exceptions to the PCRA time-bar apply. First, Appellant's *nunc pro tunc* request does not specifically assert any time-bar exception. Appellant's Petition to Appeal *Nunc Pro Tunc*, 10/23/18, at 1-2. Second, although Appellant loosely asserts that "governmental interference" precluded him from mailing his notice of appeal in a timely manner, he fails to make an assertion of illegality on the part of the government. *Id.* This is fatal to his claim. *See* 42 Pa.C.S.A. § 9545(b)(2)(i) (explaining that the alleged governmental interference must violate the laws and Constitution of this Commonwealth or the United States of America); *see also Commonwealth v. Rizvi*, 166 A.3d 344, 348-349 (Pa. Super. 2017); *Commonwealth v. Bankhead*, 2019 WL 3979900 *1, *3 (Pa. Super. August 23, 2019) (explaining that, while Bankhead asserted that he was "unable at times to access the prison library," his petition did not qualify under the governmental interference exception to the PCRA time-bar "without an assertion of illegality on the part of government officials"). Thus, Appellant's failure to plead or prove an applicable exception to the PCRA's time-bar deprives this Court of jurisdiction.

Finally, in the absence of a determination that Appellant's request to appeal *nunc pro tunc* met the PCRA's timeliness requirements or established a statutory exception to the one-year time-bar, we reject the PCRA court's explanation for granting relief in this case. The PCRA court held that Appellant cited "extraordinary circumstances which would excuse his failure to file an

appeal within the [30-day] period." PCRA Court Opinion, 10/30/18, at 3. Thus, the PCRA court essentially "invoked the principle of equitable tolling" in finding that Appellant's petition was not untimely. ***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999). This was error. "A PCRA petition is not subject to the doctrine of equitable tolling." ***Id.*** Rather, the time restrictions of the PCRA are jurisdictional, and as such, "are mandatory and interpreted literally." ***Id.*** Therefore, the PCRA court exceeded its authority in reaching the merits of Appellant's request to appeal *nunc pro tunc* because "in the case of the PCRA, the time limitations are [only] extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)–(iii) and timely filing pursuant to (b)(2)." ***Id.***

Foregoing reasons, we are constrained to quash this appeal.

Appeal quashed.

Judge Colins joins.

President Judge Panella concurs in the result.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/05/19</u>