J-S06026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND PAUL BUHROW | : | |
| | : | |
| Appellant | : | No. 1454 MDA 2022 |

Appeal from the PCRA Order Entered September 15, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003334-2015

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 14, 2023**

Appellant Raymond Paul Buhrow appeals *pro se* from the order denying his second Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant raises multiple claims for relief and argues that the PCRA court erred in dismissing his petition as untimely.  We affirm.

The underlying facts of this matter are well known to the parties.  **See** PCRA Ct. Op., 11/18/22, at 2-5.  Briefly, Appellant pled *nolo contendere* to sexual assault and related charges in 2016.  On November 2, 2016, the trial court imposed the agreed-upon aggregate sentence of three and one-half to ten years' incarceration.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant filed his first timely *pro se* PCRA petition on April 3, 2017.[2] The PCRA court appointed PCRA counsel, who filed an amended petition on Appellant's behalf. On August 21, 2017, PCRA counsel filed a motion to withdraw Appellant's petition and noting that the motion was being filed after "consultation with, and the consent of, [Appellant]." **See** Mot. to Withdraw PCRA Pet., 8/21/17. After the PCRA court granted the petition, Appellant took no further action on his PCRA.

On June 13, 2022, Appellant filed a *pro se* motion to vacate his judgment of sentence, which the PCRA court treated as Appellant's second PCRA petition. The PCRA court appointed Jacob M. Jividen, Esq., to represent Appellant. The Commonwealth filed a response in which it argued that Appellant's petition was untimely and that he had failed to plead any exception to the PCRA time-bar. Attorney Jividen subsequently filed a **Turner**/**Finley**[3] letter and a petition to withdraw as counsel. On August 25, 2022, the PCRA court conducted a hearing and granted Attorney Jividen's motion to withdraw. The PCRA court also informed Appellant on the record of its intent to dismiss his petition and issued a written Pa.R.Crim.P. 907 notice reflecting the same.

Appellant filed a motion for extraordinary relief, which the PCRA court denied. On September 15, 2022, the PCRA court issued an order dismissing

---

[2] In relevant part, Appellant claimed that trial counsel was ineffective and presented new evidence in the form of letters from his wife and daughters.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's PCRA petition. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion concluding that Appellant's PCRA petition was untimely and that he was not entitled to relief.

On appeal, Appellant has filed a *pro se* brief in which he raises approximately fourteen claims.

Initially, we note that appellate briefs must conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. Where an appellant's brief contains substantial defects, we may quash or dismiss the appeal. *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005) (citation omitted).

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Id.* (citations omitted); *see also* Pa.R.A.P. 2119(a)-(c). As such, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Sanford*, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

"Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth*

- 3 -

*v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted and some formatting altered).

Here, although Appellant's brief includes a table of contents listing fourteen claims of error, his brief does not contain a statement of questions or a summary of argument. *See Hardy*, 918 A.2d at 771; *see also* Pa.R.A.P. 2119(a)-(c). As a result, the basis for Appellant's individual claims is somewhat unclear. However, because we can glean that Appellant is attempting to challenge the PCRA court's conclusion that his petition was untimely, we decline to dismiss the appeal.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see*

*also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been

presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[4]  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Here, Appellant's judgment of sentence became final on December 2, 2016, the date on which the time to file a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(c)(3) (requiring that when no post-sentence motion has been filed, a notice of appeal to Superior Court must be filed within thirty days of the imposition of the judgment of sentence in open court). Accordingly, the deadline to file a timely PCRA petition was December 4, 2017.[5] ***See*** 42 Pa.C.S. § 9545(b)(1).  Appellant's instant PCRA petition, filed on June 13, 2022, is therefore facially untimely.

Appellant claims that he met the newly discovered fact exception to the PCRA time bar and that he is entitled to a hearing on "the timeliness and

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

[5] We note that the deadline for Appellant's PCRA petition fell on Saturday, December 2, 2017.  Therefore, Appellant had until Monday, December 4, 2017 to file his PCRA petition. ***See*** 1 Pa.C.S. § 1908.

jurisdictional issues." Appellant's Brief at 8. In support,[6] Appellant claims that he discovered new facts between May 5, 2022 and June 10, 2022. *Id.* at 41. Appellant asserts that "after seeing for the first time the emails, [and] discovery by the Commonwealth[,] and getting the pictures to prove [his] innocence and notarized alibi statements[,]" he filed the instant PCRA petition. *Id.* Appellant argues that the evidence "was known to [his] ineffective [trial] counsel but [he] failed to tell [Appellant] or introduce it in court." *Id.* Appellant also attaches several exhibits to his petition, including the affidavit of probable cause, an email from the victim's mother to the prosecutor, and statements from Appellant's wife, Appellant's daughters, and the victim's babysitter. *See id.* at 67-77 (unpaginated).

To establish the newly discovered fact exception to the PCRA time bar, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015) (citation omitted and formatting altered). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* at 176 (citation omitted). A petitioner raising this exception "must explain

---

[6] Appellant also argues that our Supreme Court's decision in *Commonwealth v. Finnecy*, 249 A.3d 903 (Pa. Super. 2021) announced a new rule of law and constitutes a newly discovered fact. *See* Appellant's Brief at 11-14. However, our Supreme Court's holding in *Finnecy*, which addressed RRRI eligibility, has no bearing on Appellant's case, nor does it constitute a newly discovered fact for purposes of the PCRA. *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) (stating that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA").

why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Id.** (citations omitted). "Additionally, the focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'" **Id.** However, Section 9545(b)(1)(ii) "does not require any merits analysis of an underlying after-discovered evidence claim." **Id.** at 177 (citation and footnote omitted).

Here, the PCRA court addressed Appellant's claim as follows:

Here, Appellant's allegations merely represent an attempt to present a new source to again present previously known facts and claims. Notably, Appellant contended that he was innocent in his self-represented 2022 PCRA petition and based his claims of innocence on the same factors presented in his self-represented 2017 petition. Specifically, Appellant contended in his self-represented 2017 PCRA petition that [the v]ictim lied, that Appellant had sworn statements and photographic evidence demonstrating his innocence, and that his plea counsel was ineffective for failing to prevent him from pleading *nolo contendere* when he was actually innocent. Appellant withdrew that self-represented 2017 PCRA petition, then withdrew his counseled 2017 PCRA petition after a hearing on the merits, and then took no further action in this case for approximately five years. While the self-represented PCRA petition filed by Appellant was not finally litigated, the petition is of record and demonstrates that Appellant had prior knowledge of all the facts alleged in his current PCRA petition. Because Appellant clearly knew about those purported newly discovered facts five years ago in 2017, they cannot be newly discovered facts in 2022.

Further, as the Superior Court held in **Commonwealth v. Shaffer**, []569 A.2d 360, 363 ([Pa. Super. 1990), "[w]here an appellant has voluntarily withdrawn a previous post-conviction petition, and then files a subsequent postconviction petition, the second petition will be dismissed unless the withdrawal of the first petition was not intelligent." Here, this court could not decipher any arguments or allegations from Appellant regarding whether the withdrawal of his counseled PCRA petition was intelligent. Instead, a review of the record reflects that Appellant consented

to that withdrawal after consultation with his PCRA counsel, and thus there is no evidence upon which this court could conclude that the withdrawal was not intelligent. In short, . . . Appellant solely contends that he possesses a new vector to present information already known to him on the date of his plea; namely, that he was purportedly innocent of the charge to which he pled *nolo contendere*. As such, this court properly dismissed Appellant's 2022 PCRA petition on the basis that it was untimely filed and duplicative of the 2017 PCRA petition.

PCRA Ct. Op. at 9-11 (footnotes omitted).

Based on our review of the record, we conclude that the PCRA court's finding is supported by the record and free of legal error. ***See Sandusky***, 203 A.3d at 1043. As noted by the PCRA court, Appellant's instant claim is based on facts that were known to him at the time he filed his first PCRA petition in 2017. For these reasons, Appellant's newly discovered fact claim must fail and no relief is due. ***See Brown***, 111 A.3d at 176-77. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/14/2023

- 9 -