J-S40012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY L. BELL | : | |
| | : | |
| Appellant | : | No. 1618 EDA 2021 |

Appeal from the PCRA Order Entered August 5, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0402971-1982

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED MARCH 24, 2023**

Larry Bell appeals from the order entered in the Philadelphia County Court of Common Pleas on August 5, 2021, dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. On appeal, Bell contends he is entitled to an evidentiary hearing that had been granted by a prior common pleas court judge assigned to this matter. As we find the prior judge had no jurisdiction to grant an evidentiary hearing due to the untimeliness of Bell's PCRA petition, we affirm.

We previously summarized the factual and procedural history of this case on another appeal as follows:

> Larry Bell and Elwood Small conspired to rob Patrick Blake, a drug dealer from whom Bell had recently purchased marijuana. After arming themselves, Bell with a shotgun and Small with a twelve-inch kitchen knife, the two men went to Blake's apartment [] in Philadelphia and demanded money from him. Bell ordered Small to wake the victim, John McCrary, who was asleep. Blake was

stabbed by Small, but still managed to escape through a ground floor window. McCrary, attempting to wrest the gun from Bell, struggled with Bell before Small intervened. Small fatally stabbed McCrary. Meanwhile, residents outside the building came to Blake's aid and notified the police. Bell and Small fled from the apartment, carrying a small television set.

[On April 13, 1983,] Larry Bell and co-defendant Small were tried before a jury and convicted of second-degree murder, robbery, aggravated assault and criminal conspiracy. Bell was sentenced to life imprisonment on the murder conviction and to concurrent terms of imprisonment of two and one-half to five years for aggravated assault and conspiracy. Bell appealed to this court, which affirmed the judgment of sentence.[1] No petition for allocatur was filed.

On March 1, 1990, Bell filed a PCRA petition. After two evidentiary hearings, one on March 5, 1993 and one on July 12, 1993, the PCRA court denied Bell's petition. Bell filed an appeal to [the Superior Court], raising several claims of ineffectiveness of counsel and one claim of after-discovered evidence. In one of his ineffectiveness claims, Bell argued that counsel was ineffective for failing to object to the jury charge on second-degree murder. In its charge, the court stated as one of the elements of second-degree murder that the jury must find that the killing was done "in the course of a robbery." Bell argued that the proper charge states that the killing be "in furtherance of a robbery." Bell [argued for the first time] that his co-defendant killed the victim for personal reasons; he asserted that co-defendant Small's wife had had an adulterous affair with the victim, John McCrary. Bell asserted, therefore, that the murder was not done in furtherance of the underlying felony (robbery).

[The Superior Court] determined that Bell's claim did affect the truth-determining process and, therefore, the claim was cognizable under the PCRA. However, because Bell had waited six years to file his PCRA petition, [the Superior Court] remanded, pursuant to 42 Pa.C.S.A. 9543(b), for a determination of whether the Commonwealth would be prejudiced in its ability to retry Bell. [The Superior Court] ordered that if prejudice were found, the

---

[1] *See **Commonwealth v. Bell**, 494 A.2d 476 (Pa. Super. 1985) (unpublished memorandum).

order denying post-conviction relief should be reinstated; if prejudice were not found, a new trial would be ordered.

…

Pursuant to this court's order, an evidentiary hearing was held on August 5, 1996. At that hearing, Detective Peter Dailey testified regarding his efforts to locate witnesses who had testified at trial. He testified that Patrick Blake, the Commonwealth's main witness, had left two forwarding addresses, both in New York City. Detective Dailey sent certified mail to both addresses; both letters were returned as undeliverable. Detective Dailey also attempted to contact Blake through the Department of Motor Vehicles and the welfare department, with no success.

Detective Dailey learned that the victim's father, Carl McCrary, had passed away; the victim's mother had no information about Blake's whereabouts. Additionally, Detective Dailey contacted the funeral director who had buried the victim. The funeral director indicated that he did not know the victim's friends. Detective Dailey also attempted to contact two other witnesses without success: Marcella McCullough and Willa Mae Lockhart. Another witness, Walter Anderson, was on probation and, at the time of the evidentiary hearing, had not reported to his probation officer in five months.

The only two witnesses available for retrial were Carl Day, who saw Bell fleeing from the scene, and Richard Spraggins, who was with Blake after the incident. We note, as did the trial court, that the defense presented no rebuttal, and neither party offered any information as to the whereabouts of these witnesses.

Following the hearing, the court determined that in light of the lack of available witnesses, in particular the key eyewitness, Patrick Blake, the Commonwealth would be prejudiced in its efforts to retry Bell. The court, therefore, reinstated the order denying collateral relief.

**Commonwealth v. Bell**, 706 A.2d 855 (Pa. Super. 1998) (citations omitted).

Bell appealed and this Court affirmed the order denying collateral relief on

- 3 -

January 13, 1998, and our Supreme Court denied allowance of appeal. ***See id.***, *appeal denied*, 732 A.2d 611 (Pa. 1998).

In 2011, Bell filed a second PCRA petition, in which he claimed to have recently learned that the trial judge had coerced a juror into rendering a guilty verdict. The PCRA court denied relief on January 6, 2012. We affirmed the denial on appeal and our Supreme Court denied allowance of appeal. ***See Commonwealth v. Bell***, No. 363 EDA 2012 (Pa. Super. Filed August 10, 2012) (unpublished memorandum), *appeal denied*, 60 A.3d 566 (Pa. 2013).

On May 9, 2014, Bell filed the instant PCRA petition *pro se*. Bell subsequently filed multiple supplemental and amended petitions. In an amended petition filed on April 24, 2018, Bell asserted that while doing research in the prison law library, he "stumbled across" an opinion from his co-defendant's case, which referenced testimony from an investigator who stated he was able to locate all of the trial witnesses including the key eyewitness, Blake. He asserted this "new fact" entitled him to an evidentiary hearing. The Commonwealth filed a motion to dismiss, arguing the petition was untimely and that Bell failed to plead an exception to the PCRA time-bar. On June 18, 2019, the PCRA court ordered an evidentiary hearing be held.

The evidentiary hearing was rescheduled several times. In the meantime, before an evidentiary hearing was held, the case was transferred to a new Judge, the Honorable Scott DiClaudio. On March 11, 2020, present counsel was appointed, and subsequently filed an amended petition, in which

Bell again requested an evidentiary hearing based on newly discovered facts related to Blake's whereabouts. The Commonwealth responded to the amended petition, arguing that based on the "law of the case doctrine", the necessity for an evidentiary hearing should be reconsidered in order to uphold the Superior Court's prior 1998 ruling in this matter. After issuing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition. This timely appeal followed.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). Furthermore, "a PCRA petitioner is not automatically entitled to an evidentiary hearing." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Rather,

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Id**. (citation omitted).

Bell raises two issues for our review:

1. The PCRA Court erred when it denied an evidentiary hearing that had been previously granted by Judge Genece Brinkley on 6/18/19.

- 5 -

2. The PCRA Court erred when it denied [Bell]'s newly discovered evidence claim.

Appellant's Brief, at 14. We find resolution of the second issue is relevant to resolution of Bell's first issue, and therefore address these issues together.

In its brief, the Commonwealth agrees with Bell's first claim, and in doing so cites to the law of the case doctrine again, but now for the opposite proposition that Bell is entitled to an evidentiary hearing. The issue, as distilled from Bell's and the Commonwealth's briefs, is whether, under the coordinate jurisdiction rule - a rule encompassed within the law of the case doctrine - Judge DiClaudio was required to proceed with the evidentiary hearing that had been granted by the previous PCRA Judge.

> Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions.

*Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003) (citations omitted). "Consistent with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Id*.

The Court in *Zane* made clear, however, that the general prohibition against revisiting the prior holding of a judge of coordinate jurisdiction is not absolute. *See id*. Of relevance here, "an exception is permitted where the

prior holding was clearly erroneous and would create a manifest injustice if followed." ***Id***.

> The purpose for this limited exception is largely self-evident. To accede to a coordinate judge's order that is clearly erroneous would be not only to permit an inequity to work on the party subject to the order, but would allow an action to proceed in the face of almost certain reversal on appellate review. Moreover, the requirement that the prior holding also create a manifest injustice serves as a significant curb on the exception so that it would apply to only those situations in which adhering to the prior holding would be, in essence, plainly intolerable.
>
> In sum, while a judge must in most circumstances defer to the prior decision of another judge of coordinate jurisdiction, he or she is not required to do so in the limited and exceptional situation in which, *inter alia,* the prior judge's order is clearly erroneous and would result in a manifest injustice.

***Id***. at 29-30.

Here, we find the original PCRA Judge's order granting an evidentiary hearing on Bell's petition was clearly erroneous as his PCRA petition was untimely filed and Bell failed to meet his burden to plead and prove an exception to the PCRA time-bar.

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A

- 7 -

> judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Bell's judgment of sentence became final in 1985, thirty days after this Court affirmed his judgment of sentence. *See* 42 Pa. C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed approximately thirty years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Bell's petition unless Bell was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 8 -

> of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Bell claims he met the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on his assertion that the location of the key witness, Blake, has been discovered.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. ***See***

*Commonwealth v. Robinson*, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

Preliminarily, we must address whether Bell's underlying claim is relevant to a claim warranting PCRA relief. We recognize that a merits-based analysis is inappropriate at this stage. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007); *see also Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). However, "[r]ecognizing the nature of the underlying claim - as distinguished from assessing its merits - is necessary to determine whether Appellant acted with due diligence in unearthing the newly-discovered facts." *Robinson*, at 1062.

> [W]hile *Bennett* and its progeny instruct courts to avoid analyzing the merits of the underlying claim, we believe that principle cannot go so far as to altogether preclude the courts from considering the claim the petitioner seeks to raise in determining whether an evidentiary hearing is warranted. As an extreme example, suppose an incarcerated PCRA petitioner asserted in an untimely petition that he recently discovered that the Houston Astros won the 2017 World Series. It would defy reason to suggest that a PCRA court must hold an evidentiary hearing to carefully apply the newly-discovered fact inquiry before considering how that fact could possibly matter. *Cox* stated that "The function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper." A gatekeeping function contemplates that there may be a reason to open the gate.

*Id*. at 1061-62 (some citations omitted).

Similar to *Robinson*, the claim here is not as extraneous as the above example. Nevertheless, we can find no relevant connection between finding the current address of a trial witness thirty years after trial, and how that fact ultimately matters in a third, untimely, PCRA petition. With this in mind, we

proceed to review Bell's claim to determine whether an evidentiary hearing was warranted.

Here, Bell's underlying claim is that he is now due a new trial because the Commonwealth would no longer be prejudiced by a new trial. Bell seeks to get a new trial thirty years after his judgment of sentence became final based on the "fact" that an address has been found for the key witness at trial, Blake. Notably, other than the bold assertion that an address linked to Blake has been discovered, there is no indication of whether it has been verified that Blake currently resides at that location, that he has been contacted in any manner, or that he is willing or able to testify at this time.

On its own, this failure is sufficient to affirm the denial of PCRA relief. At this point, it is pure conjecture that: the address linked to Blake in 2017 would allow the Commonwealth to contact Blake; Blake is available to testify; and Blake is still capable of credibly testifying to events that happened in 1982. In light of these circumstances, we conclude Bell has failed to allege sufficient facts to support his claim he is entitled to a new trial at this time.

Even if we were to overlook these deficiencies, we would conclude that Bell has failed to establish the newly discovered alleged address of Blake is sufficient to qualify as an exception to the PCRA's time-bar. Bell's claim is based on our 1998 disposition which ended the proceedings on his first PCRA petition. The only connection between the alleged current address of Blake, the newly discovered "fact" Bell relies on to confer jurisdiction, and any

- 11 -

substantive claim Blake would seek to raise, is Blake's bold claim that the Commonwealth would no longer be prejudiced to retry Bell.[2]

In 1996, pursuant to 42 Pa. C.S.A. 9543(b),[3] this Court remanded this case to the PCRA court for a determination of whether the Commonwealth would be prejudiced in its ability to retry Bell due to Bell waiting six years after his judgment of sentence became final to file his first PCRA petition. On remand, the PCRA court determined that the Commonwealth would be prejudiced by a retrial due to various reasons, including the unavailability of Blake. Bell timely appealed that decision to this Court.

On appeal, Bell argued that the PCRA court's finding that the Commonwealth would be prejudiced even though he had established eligibility for relief under the PCRA pursuant to Section 9543(b), thus precluding retrial, resulted in a denial of due process. We highlighted that Bell disregarded the context in which he raised his constitutional arguments. Specifically, that "[i]n the context of a post-conviction petition, the issue of delay, and in this case unexplained delay, which impacts upon the Commonwealth's proofs, is a

---

[2] Bell conveniently disregards the fact that another two decades has passed since we first found his claim was prejudicially delayed by seven years, and that numerous other factors would likely affect a retrial at this time.

[3] "Even if the petitioner meets the requirements of subsection (a), the petitioner shall be dismissed if it appears that, because of a delay in filing the petition, the Commonwealth had been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner." 42 Pa. C.S.A. 9543(b).

- 12 -

factor in assessing the merit of a claim raised in a post-conviction petition."

***Bell***, 706 A.2d at 861 (citations omitted). While delay cannot be considered alone, it is a relevant factor to be considered among others in determining whether or not a petition is frivolous:

> The long delay is a relevant consideration in this review, and where there is no justification for the delay, the court may take a more stringent approach to the allegations raised in the petition, especially when the delay has resulted in problems of proof for the Commonwealth. Particularly, when the opportunity to have raised the issues earlier would have provided a more meaningful review with a greater capacity to reconstruct the record through testimony and other evidence, delay will play a much heavier role than otherwise.

***See Commonwealth v. McAndrews***, 520 A.2d 870, 872 (Pa. Super. 1987). We therefore found that Bell's claim, which we determined was essentially a sufficiency of the evidence claim, was not cognizable in the context of a PCRA petition after an unexplained extensive delay.

Accordingly, the denial of collateral relief at that time was based on Bell's unexplained delay of over six years in filing his first PCRA petition, which ultimately rendered his claim meritless. That decision was final and cannot be reopened decades later simply because an address was found for a witness. While Blake's unavailability was noted to be important in making that panel's decision, this fact was ultimately just one factor, albeit a very influential one, in concluding that Bell's claims became meritless due to the unexplained delay:

> At the [hearing on remand], Detective Parker Dailey testified regarding his efforts to locate witnesses who had testified

- 13 -

at trial. He testified that Patrick Blake, the Commonwealth's main witness, had left two forwarding addresses, both in New York City. Detective Dailey sent certified mail to both addresses; both letters were returned as undeliverable. Detective Dailey also attempted to contact Blake through the Department of Motor Vehicles and the welfare department, with no success.

Detective Dailey learned that the victim's father, Carl McCrary, had passed away; the victim's mother had no information about Blake's whereabouts. Additionally, Detective Dailey contacted the funeral director who had buried the victim. The funeral director indicated that he did not know the victim's friends. Detective Dailey also attempted to contact two other witnesses without success: Marcella McCullough and Willa Mae Lockhart. Another witness, Walter Anderson, was on probation and, at the time of the evidentiary hearing, had not reported to his probation officer in five months.

The only two witnesses available for retrial were Carl Day, who saw Bell fleeing from the scene, and Richard Spraggins, who was with Blake after the incident. We note, as did the [PCRA] court, that the defense presented no rebuttal, and neither party offered any information as to the whereabouts of these witnesses.

Following the hearing, the court determined that in light of the lack of available witnesses, in particular the key eyewitness, Patrick Blake, the Commonwealth would be prejudiced in its efforts to retry Bell. The court, therefore, reinstated the order denying collateral relief.

*Bell,* 706 A.2d at 858.

Even if the connection between Bell's newly discovered fact and his underlying claim were relevant for PCRA relief, we would nevertheless find he failed to exercise due diligence because he failed to plead or prove why he was not able to learn this information at an earlier time. Bell knew that he was not granted a new trial, at least in part, to the unavailability of Blake in 1998. Bell did not plead what efforts he undertook to find Blake in the intervening

years. Arguably, even if he had, it would not have been enough to satisfy due diligence. Bell was put on notice as early as 1996 that his retrial was contingent on locating key witnesses from the first trial, such as Blake, when this Court remanded for an evidentiary hearing on whether retrial would prejudice the Commonwealth. His duty to exercise due diligence began before the August 5, 1996 hearing on remand, where Bell had an opportunity to rebut the Commonwealth's claim that it was prejudiced in its ability to retry him. He presented no evidence then, and pleaded nothing in the current petition or its amendments that would establish he made any efforts, let alone reasonable efforts, to locate Blake.

Because Bell's petition was untimely filed, and Bell did not plead and prove an exception to the time-bar, the PCRA court had no jurisdiction to conduct an evidentiary hearing on Bell's claims. **See Whiteman**, 204 A.3d at 450. Accordingly, the initial Judge's order granting an evidentiary hearing on Bell's current petition was clearly erroneous. Further, we find that holding an evidentiary hearing without jurisdiction would create a manifest injustice. Accordingly, Judge DiClaudio's order dismissing the PCRA petition without a hearing was not in violation of the coordinate jurisdiction rule. We therefore affirm the order dismissing Bell's PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2023